UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEYSTONE LOGISTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 3:14cv1938 |
| STRUBLE TRUCKING LLC, | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion to remand filed by the plaintiff, Keystone Logistics, Inc. ("Keystone"), on October 16, 2014. The defendant, Struble Trucking LLC ("Struble Trucking"), filed its response on October 29, 2014, to which Keystone replied on October 31, 2014.

For the following reasons, the motion will be granted.

Discussion

Keystone alleges the following. On September 2, 2014 Keystone filed its Complaint against Struble Trucking in the St. Joseph Circuit Court. The Complaint alleges that Struble Trucking, a company offering motor carrier services, breached its contract with Keystone, which was acting as a broker of motor carrier services. Keystone and Struble Trucking are parties to a Contract for Transportation of Property Between Broker and Carrier . The Complaint alleges that after Struble Trucking failed to properly deliver a load of frozen ice cream, a claim of $33,109.82 was submitted to Keystone by Coyote Logistics, LLC (the party which originally tendered the shipment to Keystone), triggering an indemnity clause in the Contract. Struble Trucking failed to indemnify Keystone for the claim.

On October 6, 2014, Struble Trucking filed a Notice of Removal with this Court.

As the party invoking federal jurisdiction, Struble Trucking "bears the burden of demonstrating its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). *See also Am. Bankers Life Assurance Co. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). In its Notice of Removal, Struble Trucking asserts that this Court has jurisdiction under 28 U.S.C. § 1337, which grants original jurisdiction to federal district courts over actions "brought under section 11706 or 14706 of title 49."

49 U.S.C. § 14706 (the "Carmack Amendment") gives federal courts jurisdiction over suits involving claims against motor carriers who have caused a loss to a party entitled to recover under a "receipt or bill of lading." *See Transcorr Natl. Logistics, LLC v. Chaler Corp.*, 2008 WL 5272895 at *1-2 (S.D. Ind. Dec. 19, 2008). In such an action, the Carmack Amendment preempts state law. *Id.* However, this preemption does *not* extend to disputes between a broker and carrier over a broker-carrier contract. *Id.* In *Transcorr*, plaintiff, a motor carrier broker, entered into a broker-carrier agreement with defendant, a motor carrier. *Id.* at *1. When defendant failed to timely deliver a load for a third party and that third party demanded an overnight air delivery, plaintiff paid the air delivery cost and sought indemnity from defendant in accord with the terms of their broker-carrier contract. *Id.* Defendant refused to pay and plaintiff brought a breach of contract claim in Indiana state court. *Id.* The *Transcorr* defendant removed the case under 28 U.S.C. § 1337, and plaintiff sought remand. *Id.* The court granted the remand, noting that "many courts have held that the Carmack Amendment does not apply to claims brought against brokers." *Id.* at *2 (collecting cases). Relying on these cases, the court reasoned that 49 U.S.C. § 14706(a)(1) references a right of recovery under bills of lading and receipts, but not under broker-carrier contracts. *Id.* at *2-3. Because the plaintiff broker was not seeking to recover as a

2

shipper for lost or damaged cargo but instead as a broker for a breach of contractual indemnity, the Carmack Amendment did not apply, there was no preemption of state law, and remand was warranted.

Similarly, in *Intransit, Inc. v. Excel North American Road Trans., Inc.*, 426 F.Supp.2d 1136 (D. Or. 2006), the court held that the Carmack Amendment did not apply to a broker's breach of contract claim against a carrier and therefore remanded the case to state court. In *Intransit*, like in *Transcorr*, the plaintiff broker sought indemnity from a carrier after the carrier failed to make a timely delivery. 426 F.Supp.2d at 1138. Employing the same reasoning as the *Transcorr* court, the *Intransit* court found that the Carmack Amendment did not reach disputes over broker-carrier agreements and stated:

> The purpose of Carmack is to prevent carriers from being placed in the untenable position of having to determine what their liability may be in many jurisdictions with differing laws. But, in this case, the alleged liability arises from a contract that will not be interpreted differently from one jurisdiction to the next—the jurisdiction of the state in which the contract was made will apply.

426 F.Supp.2d at 1141.

Based on these cases, Keystone argues that this court has no jurisdiction over this case, and thus the case should be remanded.

Struble Trucking, in opposition, argues that since Keystone was a broker, and not a shipper, then the Carmack Amendment preempts state law and jurisdiction is proper in this court. Struble Trucking first relies on *Propak Logistics, Inc. v. Landstar Ranger, Inc.*, 2012 WL 1068118 (W.D. Ark. Mar 29, 2012). In *Propak*, after cargo destined for Pace Edwards sustained damage during its shipment by a carrier, the broker involved in the transaction demanded payment from the carrier, but the carrier refused. The broker then filed an insurance claim. The

3

broker's insurer paid the broker, the broker paid Pace Edwards, and then the insurer and broker brought a claim against the carrier on the bill of lading *as subrogee* of Pace Edwards. *Id.* The court held that even though the "literal" language of the Carmack Amendment mentions claims between a "shipper" and a "carrier," it was appropriate to go beyond the statutory language in this case in which there had been a "*clear assignment of rights by the shipper*." *Id.* at *2-3 (emphasis added). The court said: "Having stepped into the shoes of Pace Edwards, [the broker's] claims against Landstar, the carrier, arise entirely out of the alleged damage sustained to Pace Edwards' goods shipped via interstate commerce." *Id.* at *3.

As Keystone points out, the facts in this case are not analogous to the facts in *Propak*. In the present case, Keystone is not a party to the bill of lading, and the shipper in this case has not assigned its right under the bill of lading to Keystone. Rather, Keystone is seeking to recover under the terms of its entirely separate contract with Struble Trucking.

Struble Trucking also relies on *Dominion Resource Servs., Inc. V. 5K Logistics, Inc.*, 2010 WL 679845 (E.D. VA Feb 24, 2010. In *Dominion Resource*, the plaintiff hired the defendant to provide logistical and transportation services to Dominion during a construction project. Pursuant to this arrangement, the defendant engaged carrier Daily Express to move equipment for the plaintiff from one facility to another. The Rate Agreement between the defendant and the carrier "stated the pickup location for the vessel, the delivery point, the pickup and delivery times, and the amount to be paid to Daily Express. No other terms were stated." *Id.*, at *1. A piece of equipment fell off the Daily Express truck and sustained significant damage. Plaintiff then demanded payment from defendant, and the defendant in turn sought compensation from Daily Express. *Id.*, at *2. The court held that the claim was preempted by

4

the Carmack Amendment because the Rate Agreement was the only agreement between the defendant and Daily Express, and "since there were not separate contractual obligations for Daily Express to breach, independent of its obligations as a carrier, [defendant's] contract claim must be preempted by the Carmack Amendment." *Id*. at *5.

Again, as Keystone points out, this case is not on point. In the present case, unlike the situation in *Dominion Resource*, there are two contracts: the broker-carrier contract between Keystone and Struble Trucking, and a bill of lading contract signed by Struble Trucking as carrier and issued by the shipper. As the cases above all illustrate, the Carmack Amendment preempts claims on bills of lading, but not claims on other agreements. Because Keystone is seeking to recover on a contract which is not a bill of lading, the Carmack Amendment does not apply and there is no preemption. Consequently, this court lacks jurisdiction and remand is appropriate. Keystone also seeks an award of attorney fees and costs. The removal statute provides that the court may award cost and expenses, including attorney fees, to a successful remanding party. 28 U.S.C. § 1447(c)[1]. Historically, the award of attorney's fees has been treated as "normal incidents" to a remand for lack of jurisdiction. *Citizens for a Better Env't v. The Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). This fee shifting provision reflects Congress' intent to shift the burden of attorney fees in some cases. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).When the removing party "lacked an objectively reasonable basis for seeking removal," a court may award attorney's fees. *Id*. Further, in the Seventh Circuit, "if, at the time the defendant filed his notice in federal court, a clearly established law demonstrated that he had

---

[1] 28 U.S.C. 1447(c) states, in part, that: " An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

no basis for removal, then a district court *should* award a plaintiff his attorney's fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (emphasis added).

Struble Trucking does not dispute that, in the event of remand, an award of expenses and costs is appropriate. Considering the established law that demonstrates that the Carmack Amendment is not applicable to this case, the court finds that an award of fees and costs is appropriate. Keystone has not submitted an affidavit detailing its costs and expenses. However, considering the abundance of case law on this issue detailing the appropriate rates and hours for a matter of this nature, the court trusts that the parties will be able to come to an agreement as to the fees and costs. If the parties should somehow fail in this simple task, Keystone may, within 20 days, file a petition and supporting affidavit. Struble may then file its response 15 days thereafter, with a reply, if necessary, to be filed within 10 days of the response.

## Conclusion

On the basis of the foregoing, the motion to remand [DE 10], including the request for expenses and costs, is hereby GRANTED. This cause is hereby REMANDED to the St. Joseph Circuit Court, South Bend, Indiana.

Entered: December 1, 2014.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court